UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| SKYLINE SOFTWARE SYSTEMS, INC., | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Civil Action No. 2:09cv632-RAJ/FBS |
| ENVIRONMENTAL SYSTEMS RESEARCH INSTITUTE, INC., | )<br>)<br>)<br>) |
| Defendant. | ) |

## CONSENT SUPPLEMENTAL SCHEDULING ORDER

**THIS DAY CAME** the parties, upon the consent motion of plaintiff Skyline Software Systems, Inc. ("Skyline") to enter a supplemental scheduling order herein (docket entry 57); and

**IT APPEARING TO THE COURT** that the parties seek entry of an order providing for certain further limitations and requirements relating to discovery and the filing and service of pleadings herein, and that it is in the interests of justice to do so, it is hereby

**ORDERED** that the Court's Rule 16(b) Scheduling Order, entered May 28, 2010 (docket entry 45), be **SUPPLEMENTED** by adding a paragraph numbered 11, as follows:

11. **DISCOVERY**

    a. Each party shall automatically produce, without requiring a subpoena to its experts, all documents in the possession, custody, or control of the party or its experts that its experts relied upon in their reports, declarations or testimony (but excluding

those drafts, notes, and written communications specified below), to the extent such documents and things have not been previously produced during discovery.

b.  No notes, drafts, draft reports, or other types of preliminary written work by or for experts concerning the subject matter of this civil action shall be the subject of discovery or inquiry at trial. No communication, whether written or oral, between or among any expert(s) and counsel or employees for the party retaining said expert(s) concerning the subject matter of this action shall be the subject of discovery or inquiry at trial. The foregoing shall not apply to any communications or documents upon which the expert relied in forming his or her opinion as expressed in an affidavit, report, or testimony, or on which an expert intends to rely as a basis for an opinion expressed in an affidavit, report, or testimony in connection with this action; such communications or documents shall be subject to discovery and inquiry at trial. Materials, communications and other information exempt from discovery under this paragraph shall be treated as attorney work product.

c.  The parties agree to exchange electronic copies of discovery requests in Microsoft Word format, along with copies on paper or in .pdf format.

d.  Documents shall be produced in single page TIFF format, with accompanying load files, except for nonstandard file types such as databases and spreadsheets, which shall be produced in native format to the extent that it is reasonable to do so. The OCR or extracted text of each document shall also be exchanged. Requests for metadata shall be handled in good faith by the parties, on a case-by-case or category-by-category basis. The parties further agree to work together in good faith to make such other agreements or arrangements as are reasonable to

minimize the burden and expense of e-discovery.

e. For any pleadings that are non-confidential and that are filed with the Court using the ECF system, the parties agree to accept service via electronic mail (E-mail) in addition the receipt of the Notification of Electronic Filing (NEF) from the Court's ECF system. For any portion of pleadings that are confidential and that are filed with the Court under seal, the parties agree to accept service by E-mail.

f. For pleadings and other documents filed with the Court, service on the parties shall be made by 10:00 p.m. Eastern Time. For responses to discovery requests and other documents exchanged but not filed with the Court, service on the parties shall be made by 11:00 p.m. Eastern Time.

g. Any party which serves a subpoena upon a third party will simultaneously serve a copy of such subpoena upon the other party. Moreover, any party which receives documents from a third-party pursuant to a subpoena will immediately reproduce those documents to the other party. Where immediate reproduction of documents is not possible, the party which received the documents will provide immediate notice to the other party and the issue will be resolved by the parties on a case-by-case basis.

h. The parties shall identify all corporate representatives designated to testify on behalf of the corporation pursuant to Fed. R. Civ. P. 30(b)(6) at least five (5) business days prior to the deposition. If there is a request for documents associated with such deposition, the producing party shall make its best efforts to serve any responsive documents no later than five (5) business days prior to the deposition.

The parties agree to invoke contractual obligations, and/or otherwise use their

relationships and other good offices, to cause third parties to promptly cooperate in discovery to promptly provide information.

ENTERED:

Date: July 12, 2010

/s/
Douglas E. Miller
United States Magistrate Judge

United States Magistrate Judge

WE ASK FOR THIS:

Alan D. Albert
Virginia Bar Number 25142
Attorney for Skyline Software Systems, Inc.
LeClairRyan
999 Waterside Drive, Suite 2525
Norfolk, Virginia 23510
Telephone: (757) 441-8914
Fax: (757) 624-3773
E-mail: Alan.albert@leclairryan.com

**WE ASK FOR THIS:**

_____
Charles B. Molster, III
Virginia State Bar Number 23613
Attorney for Environmental Systems Research Institute, Inc.
WINSTON & STRAWN LLP
1700 K Street, N.W.
Washington, D.C. 20006
Telephone: (202) 282-5988
Fax: (202) 282-5100
Email: cmolster@winston.com