# EXHIBIT A

# NIRO, HALLER & NIRO

| | 181 WEST MADISON STREET- SUITE 4600 | |
|---|---|---|
| RAYMOND P. NIRO | | MATTHEW G. McANDREWS |
| TIMOTHY J. HALLER | | PAUL C. GIBBONS |
| WILLIAM L. NIRO | CHICAGO, ILLINOIS 60602 | GREGORY P. CASIMER |
| JOSEPH N. HOSTENY, III | | DINA M. HAYES |
| ROBERT A. VITALE, JR. | | FREDERICK C. LANEY |
| PAUL K. VICKREY | TELEPHONE (312) 236-0733 | DAVID J. MAHALEK |
| DEAN D. NIRO | FACSIMILE (312) 236-3137 | KARA L. SZPONDOWSKI |
| RAYMOND P. NIRO, JR. | | ROBERT A. CONLEY |
| PATRICK F. SOLON | | LAURA A. KENNEALLY |
| ARTHUR A. GASEY | | TAHITI ARSULOWICZ |
| CHRISTOPHER J. LEE | | BRIAN E. HAAN |
| DAVID J. SHEIKH | | JOSEPH A. CULIG |
| VASILIOS D. DOSSAS | | ANNA B. FOLGERS |
| SALLY WIGGINS | | |
| RICHARD B. MEGLEY, JR. | | OF COUNSEL: |
| | | JOHN C. JANKA |

June 30, 2010

*Via E-mail*
Thomas M. Buchanan
Charles B. Molster, III cmolster@winston.com
WINSTON & STRAWN LLP
1700 K Street, N.W.
Washington, D.C. 20006

*Via E-mail*
Gail J. Standish gstandish@winston.com
Denise Abigail Smith desmith@winston.com
WINSTON & STRAWN LLP
333 S. Grand Avenue
Los Angeles, CA 90071

Re:   Skyline Software Systems, Inc. v. Environmental Systems Research Institute
      Case No: 09-cv-00632 – Discovery Deficiencies No. 1 - Interrogatories

Dear Counsel:

We write to address the numerous deficiencies Skyline has identified in ESRI's Responses to Skyline's First Set of Interrogatories. By identifying deficiencies in particular responses below, we do not waive our right to pursue full and complete responses to other discovery requests.

### A. Interrogatory Nos. 2 and 13 – Product Identification and Specification Deficiencies

Interrogatory No. 2 requests ESRI to identify by name, number or any other designation each Accused Product and Service made, used, sold, offered for sale, imported into the United States, provided and/or otherwise distributed by or for ESRI starting in 1999 through the present, and to identify the date of the first deployment or use of each Accused Product and Service.

ESRI - Discovery Deficiencies No. 1 - Interrogatories
June 30, 2010
Page 2

ESRI identified seven products in its response.

In regards to (1) ArcGIS 3D Analyst Extension Version 9.3.1, ESRI stated that this product was released with ArcGIS Version 9.3.1 on or about 4/27/2009. ESRI fails, however, to identify for the years 1999 until 4/27/2009, what, if any, and when, previous versions were released and what, if any, ArcGIS Version it was released with. Please supplement this response to clarify what, if any, and when, any other versions of ArcGIS Extension were released from 1999 to 4/27/2009 and what, if any, version of ArcGIS the Extension was released with.

In regards to (2) ArcGlobe, ESRI identified that its successor was ArcScene which was released on or about 5/10/2004. ESRI then states that (3) ArcScene's predecessor was ArcGlobe, which was introduced with ArcView GIS Version 8.1 and released on or about 4/19/2001. ESRI fails, however, to identify for the years 1999 – 4/19/2001 what, if any, and when, previous versions of ArcScene's predecessor ArcGlobe were released and what, if any, ArcView GIS Version it was released with. Please supplement this response to clarify what, if any, other versions of ArcGlobe was released from 1999 to 4/19/2001 and what, if any, Version of ArcView GIS it was released with.

In regards to (5), ESRI states that ArcGIS Engine with 3D Extension was released on or about "5/10/24" with the release of ArcGIS 9.0. Please confirm whether this was a typographical error and, by "5/10/24", ESRI instead meant "5/10/2004."

Finally, ESRI did not identify when each version of ArcGIS Data Appliance was released. Please supplement this response accordingly.

Interrogatory No. 13 similarly requests for each Accused Product and Service, the identity by production number the documents that describe the actual design, structure, function and operation of the Accused Products and Services. ESRI responded by identifying the following bates ranges: ESRI_SKY000001-005508, ESRI_SKY005521-006381, and ESRI_SKY008171-8459. The documents identified are merely white papers, technical documents and manuals that do not discuss or demonstrate the design or structure of the Accused Products and Services nor the function or operation of the Accused Products and Services. Accordingly, please supplement this interrogatory by producing and identifying by bates numbers, documents responsive to this request.

## B. Interrogatory No. 3 – ESRI Financial Data Deficiencies

Interrogatory No. 3 requests ESRI to identify on a monthly, quarterly and annual bases from January 1999 through the present, the revenues, profits, and costs realized by ESRI from the sale of the Accused Products and Services and/or any service contracts, components, parts, kits, accessories, consumable goods, devices, training services, and/or any other products or services offered or supplied by or on behalf of ESRI in connection with each Accused Product and Service sold or offered within the United States by or for ESRI. Skyline also requested that where the answer to this interrogatory could be derived or ascertained from documents provided

by ESRI, to please identify in accordance with Fed.R.Civ.P. 33(d) the production numbers of such documents.

ESRI completely failed to answer this interrogatory and vaguely responded that "responsive documents showing ESRI's financial information for the relevant period and products will be produced and identified and/or ESRI will supplement its response to this Interrogatory to state the requested information, as additional information becomes available." It appears that ESRI's document production contains extremely general financial summaries at ESRI_SKY005509 - ESRI_SKY005519. These documents, which each range from 1 - 2 pages long, simply list ESRI's total assets, liability and shareholders for each year.

Accordingly, please supplement this interrogatory to provide the "monthly, quarterly and annual bases from January 1999 through the present, identify the revenues, profits, and costs realized by ESRI from the sale of the Accused Products and Services and/or any service contracts, components, parts, kits, accessories, consumable goods, devices, training services, and/or any other products or services offered or supplied by or on behalf of ESRI in connection with each Accused Product and Service sold or offered within the United States by or for ESRI." In supplementing this interrogatory, Skyline requests that ESRI provide the requested information for every product identified by ESRI in response to Interrogatory No. 2. Additionally, in supplementing ESRI's response to Interrogatory No. 3, Skyline requests that ESRI identify by bates number, instead a general statement that relevant documents have been produced or will be produced, which documents are responsive to the interrogatory pursuant to Fed.R.Civ.P. 33(d). Finally, please confirm whether these financial documents (ESRI_SKY005509 - ESRI_SKY005519) were prepared by ESRI for this litigation or whether these documents existed in advance of this litigation.

### C. Interrogatory Nos. 7, 8, 9 and 10 – The Bases for ESRI's Counterclaims – Non-Infringement and Invalidity Positions Deficiencies

Interrogatory No. 7 requests the complete factual basis for ESRI's non-infringement contentions and to provide, among other things, a term-by-term, element-by-element and limitation-by-limitation application of each claim of the patent that are present and allegedly absent in each Accused Product and Service. In response to Interrogatory No. 7, ESRI states that "[i]nformation responsive to this Interrogatory is expected to be provided lay witnesses [*sic*], as well as by expert opinion pursuant to Rule 26(a)(2) and 26(b)(4)(A) of the Federal Rules of Civil Procedure and the Court's Rule 16(b) Scheduling Order."

This response is improper and deficient. The fact that a party will rely on expert discovery to support its infringement positions does not negate that party's obligation to provide discovery on its non-infringement contentions. Fed.R.Civ.P Rule 22(a)(2) explicitly states that an interrogatory is not objectionable merely because it implicates opinion or contention that relates to fact or the application of law to fact. While the Court may order an interrogatory to be answered at a later time, Skyline notes that Interrogatory No. 7 is specifically directed at information that ESRI should have gathered in the preparation of its First Counterclaim,

Declaratory Judgment of Non-Infringement of the '172 Patent, under a proper Fed.R.Civ.P Rule 11 investigation. Furthermore, Skyline has provided detailed infringement contentions, including an identification of the presently-asserted claim (at this time only claim 72), and a definition of the Accused Product and Services. Accordingly, please confirm when Skyline can expect to receive ESRI's supplementation to this interrogatory, including an element-by-element comparison of the Accused Products and Services to claim 72 of the patent in suit.

Interrogatory No. 8 requests the complete factual basis supporting any contention, affirmative defense or counterclaim by ESRI alleging that any claim of the patent-in-suit is invalid under 35 U.S.C. § 102 and Interrogatory No. 9 similarly requests the same for any claim the patent-in-suit is invalid under 35 U.S.C. § 103. In response, ESRI merely lists the title and brief description of the disclosure of 88 references (and at some points only the title without an author or an indication of what the reference even is) which it contends to be prior art to the patent-in-suit. ESRI utterly fails to provide any application of the prior art references to any claim of the patent-in-suit. ESRI fails to even provide the date it contends the reference is published and hence, why it even qualifies as alleged prior art in the first place. ESRI merely states that "the following references, alone or in combination, invalidate the asserted claims of the '172 patent under 35 U.S.C. § 102 and/or § 103" and that "additional information responsive to this Interrogatory is expected to be provided by lay witness, as well as expert opinion pursuant to Rule 26(a)(2) and 26(b)(4)(A) of the Federal Rules of Civil Procedure and the Court's Rule 16(b) Scheduling Order."

This response is improper and deficient. The fact that a party will rely on expert discovery or lay witness testimony to support its invalidity positions does not negate that party's obligation to provide discovery on its invalidity contentions. Fed.R.Civ.P Rule 22(a)(2) explicitly states that an interrogatory is not objectionable merely because it implicates opinion or contention that relates to fact or the application of law to fact. While the Court may order an interrogatory to be answered at a later time, Skyline notes that Interrogatory Nos. 8 and 9 are specifically directed at information that ESRI should have gathered in the preparation of its Second Counterclaim, Declaratory Judgment of Invalidity of the '172 Patent, under a proper Fed.R.Civ.P Rule 11 investigation. Accordingly, please confirm when Skyline can expect to receive supplementation of ESRI's response to these interrogatories, specifically, the information requested in sections (b), (c) and (d) in Interrogatory No. 8 and sections (b), (c), (d), (e), (f) in Interrogatory No. 9.

Furthermore, Skyline notes that ESRI identified 88 alleged prior art references in its responses to Interrogatory Nos. 8 and 9. Accordingly, Skyline can pick any one or more of the 88 items of alleged prior art and combine it with any others of the 88 to argue obviousness under 35 U.S.C. § 103. Thus, if Skyline were to combine any two of the 88 alleged references, it would total almost 4,000 possible combinations[1] - all of them apparently contemplated by ESRI's responses to Interrogatory Nos. 8 and 9. "Rule 33 is intended to enable a party to prepare

---

[1] $C(88,2) = (88!)/((2!)(88-2)!) = 3,828$. See Robert V. Hogg & Elliot A. Tanis, Probability and Statistical Inference, 75 (5th ed., Prentice-Hall, Inc. 1997) (1978).

for trial, **to narrow the issues** and thus help determine what evidence will be needed at the trial, and to reduce the possibility of surprise at trial." 8A WRIGHT, MILLER & MARCUS, FEDERAL PRACTICE AND PROCEDURE: CIVIL 2D § 2162 (1994) (emphasis added). ESRI's responses to Interrogatory Nos. 8 and 9 fail to narrow the issues of its Second Counterclaim in any meaningful way. For this and the foregoing reasons, Skyline reiterates its request for ESRI to immediately supplement its responses.

Interrogatory No. 10 similarly requests the complete factual basis supporting any contention, affirmative defense or counterclaim by ESRI alleging that any claim of the patent-in-suit is invalid under 35 U.S.C. § 112. In response, ESRI states that "ESRI objects to this Interrogatory as premature in that it purports to require ESRI to provide the complete factual and legal bases for its claims prior to completion of discovery and to the extent it seeks expert opinions, the timing of which is governed by this Court's Rule 16(b) Scheduling Order."

Again, this response is improper and deficient. The fact that a party will rely on expert discovery or lay witness testimony to support its invalidity positions does not negate that party's obligation to provide discovery on its invalidity contentions. Fed.R.Civ.P Rule 22(a)(2) explicitly states that an interrogatory is not objectionable merely because it implicates opinion or contention that relates to fact or the application of law to fact. While the Court may order an interrogatory to be answered at a later time, Skyline notes that Interrogatory No. 10 is specifically directed at information that ESRI should have gathered in the preparation of its Second Counterclaim, Declaratory Judgment of Invalidity of the '172 Patent, under a proper Fed.R.Civ.P Rule 11 investigation. Accordingly, please confirm when Skyline can expect to receive supplementation of ESRI's response to this interrogatory.

We would like to schedule a meet and confer to discuss these issues. Please confirm what your availability is this week.

Very truly yours,

Anna B. Folgers

ABF/kan
Enclosures