# EXHIBIT J

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

SKYLINE SOFTWARE SYSTEMS, )
INC., )
) Case No. 2:09-cv-00632-RAJ/FBS
        Plaintiff, )
)
        v. )
)
ENVIRONMENTAL SYSTEMS )
RESEARCH INSTITUTE, INC., )
)
        Defendant. )

**PLAINTIFF SKYLINE SOFTWARE SYSTEMS, INC.'S
FIRST SET OF INTERROGATORIES NOS. 1 – 15 TO
<u>DEFENDANT ENVIRONMENTAL SYSTEMS RESEARCH INSTITUTE, INC.</u>**

Plaintiff Skyline Software Systems, Inc. ("Skyline") propounds the following interrogatories to defendant Environmental Systems Research Institute, Inc. ("ESRI") under Fed. R. Civ. P. 33. The interrogatories are to be answered separately and under oath by an officer or agent of ESRI, within 30 days after service, in accordance with Fed.R.Civ.P. 33(b).

<u>**INSTRUCTIONS**</u>

1.    Where an objection is made to any interrogatory, state all grounds upon which the objection is based.

2.    If the attorney-client privilege or work product immunity is asserted as a ground for not providing information in response to any interrogatory set forth below, state the following:

    (a)    the specific ground(s) for not providing the requested information or not producing the responsive document or thing in full;

(b)     the bases for such a claim of privilege or immunity; and

(c)     fully identify the information or material contained within the document or thing for which such privilege or immunity is asserted, including as applicable, the name of any document or thing, the name and title or its author, each addressee, and each person to whom a copy of the document or thing has been sent or received.

3.     As to any portion of any interrogatory which refers to documents or things that were at one time within ESRI's possession, custody or control, but which are not now within or subject to ESRI's possession, custody or control, identify such documents or things in a manner sufficient to describe such for a subpoena *duces tecum* and give the name, address and telephone number of the person last known by ESRI to have been in possession, custody or control of such documents and things.

4.     If ESRI maintains that any document or thing responsive to any interrogatory has been destroyed, set forth the contents of the document or thing, the date of its destruction, and the name of the person who authorized its destruction.

5.     If, after exercising due diligence, ESRI is unable to answer any interrogatory set forth below, or some part thereof, because of lack of information available to ESRI, ESRI shall so state in its response.

6.     Skyline's interrogatories are to be regarded as continuing and, as required by Fed.R.Civ.P. 26(e), ESRI is requested to provide, by way of supplementary responses, any additional information that may be obtained by ESRI or any person acting on ESRI's behalf, which will augment or otherwise modify ESRI's responses.

## DEFINITIONS

The term "ESRI" refers to defendant Environmental Systems Research Institute,

Inc.; all divisions, departments, subsidiaries, representatives or entities owned or controlled, in whole or in part, by defendant Environmental Systems Research Institute, Inc.; all past and present owners, partners, members, officers, agents, directors, employees, attorneys, affiliates and parents of defendant Environmental Systems Research Institute, Inc.; and all predecessors in interest, successors in interest, and other entities related to defendant Environmental Research Institute, Inc.

The term "person" refers to both natural persons, whether in the employ of ESRI or not, and corporate or other business entities (including ESRI). The acts of a person (including ESRI) are defined to include the acts of owners, partners, members, officers, agents, directors, employees, attorneys, affiliates or parents acting on the person's behalf.

To "identify" a natural person means to state the person's full name, present business address and telephone number, present job title or occupation, and/or his or her present or last known home address and telephone number.

To "identify" a company or other business, governmental, or organizational entity means to state its name, corporate or organizational status, principal place of business of the identified entity, and the identity of persons having knowledge of the matter with respect to which the entity is named.

To "identify" a product or thing means to state its name, title or other designation, the identity of the person or persons who prepared, designed or developed it, and its location and custodian.

The term "document" shall be construed as broadly as possible under the Federal Rules, and shall include any item which would be a "writing" or "recording" as

3

defined in Fed.R.Evid. 1001(1) or a "document" as defined in Fed.R.Civ.P. 34(a). By way of example and without limitation, the term "document" encompasses at least the following: all handwritten, typed, printed, recorded, graphic or computer-readable matter however produced or reproduced, whether copies or originals, in the possession, custody or control of ESRI, including, but not limited to: letters, cables, wires, e-mail, voice mail, memoranda, interoffice communications, reports, notes, minutes, audio recordings, drawings, blueprints, sketches, notebooks, test data, specifications, product manuals, charts, photographs, videos, patents, patent applications, assignments, contracts, agreements, legal instruments, published material of any kind, annual reports, reports to shareholders or owners, advertising or promotional literature, product brochures, product catalogs, press releases, ledgers, bills, orders, invoices, pricing sheets, sales receipts, accounting books, financial records, and any files created or maintained by ESRI.

To "identify" or "locate" documents means to provide a brief description of each document sufficient to support a request for production, including at least the type of document, date of the document, identification of the author, as well as identification of each person who presently has custody of the document and of any copy thereof.

The term "pertaining to" means relevant to, referring to, alluding to, responding to, connected with, commenting on, with respect to, reflecting, about, regarding, discussing, showing, describing, reflecting, relating to, constituting or mentioning documents, information, persons or subject matter.

The term "relevant" means documents and other information that are relevant under Fed.R.Civ.P. 26 and/or Fed.R.Evid. 401-02; or that ESRI may use to support its

allegations or defenses; or which tend to prove or disprove any of Skyline's allegations or defenses.

The terms "and," "or" as well as "and/or" shall be construed disjunctively or conjunctively as necessary in order to bring within the scope of the request all responses which otherwise might be construed to be outside its scope.

The term "Accused Product(s) and Service(s)" means all ESRI products, applications and services that allow, facilitate, enable, provide functionality for and/or are used for the visualization of three-dimensional imagery and/or terrain data sent from a server to a client over a computer network including, but not limited to, the following ESRI products, applications and services:  (a) ArcGIS 3D Analyst; (b) ArcGlobe; (c) ArcGIS Explorer; (d) ArcScene; (e) ArcGIS Engine with 3D extension; (f) ArcGIS Server; and (g) ArcWeb Services.

The term "patent-in-suit" means United States Patent No. 7,551,172, entitled "Sending Three-Dimensional Images Over a Network."

The term "Lawsuit" means *Skyline Software Systems, Inc. v. Environmental Systems Research Institute, Inc.*, Civil Action No. 2:09cv632 (E.D. Va.).

## **INTERROGATORIES**

1. Identify each person presently and/or formerly employed or otherwise associated with ESRI who presently has responsibility and/or previously had responsibility for the following functions pertaining to any Accused Product and Service: (a) conception; (b) design; (c) development; (d) testing; (e) use or implementation; (f) marketing (g) training; (h) distribution; or (i) sale.  If ESRI identifies more than one person in response to this interrogatory with respect to any of functions (a)-(i), ESRI is

5

directed to list the identified persons in decreasing order of their level of responsibility for each function.

2. Identify by name, number or any other designation each Accused Product and Service made, used, sold, offered for sale, imported into the United States, provided and/or otherwise distributed by or for ESRI starting in 1999 through the present, and identify the date of first deployment or use for each any Accused Product and Service. If a complete answer to this interrogatory can be derived or ascertained from documents provided by ESRI in accordance with Fed.R.Civ.P. 33(d), identify the production numbers of such documents.

3. On a monthly, quarterly and annual basis from January 1999 through the present, identify the revenues, profits, and costs (and any other forms, treatments or characterizations of revenue, cost or profit information generated, maintained or analyzed by ESRI) realized by ESRI from the sale of the Accused Products and Services and/or any service contracts, components, parts, kits, accessories, consumable goods, devices, training services, and/or any other products or services offered or supplied by or on behalf of ESRI in connection with each Accused Product and Service sold or offered within the United States by or for ESRI. If a complete answer to this interrogatory can be derived or ascertained from documents provided by ESRI in accordance with Fed.R.Civ.P. 33(d), identify the production numbers of such documents.

4. Identify the earliest date on which ESRI became aware of the patent-in-suit or the application for the patent-in-suit, describe in detail the circumstances of how and why ESRI became aware of the patent-in-suit and/or the patent application at that

time and describe in detail any action or analysis considered, requested, or taken by ESRI pertaining to the patent-in-suit and/or patent application, including without limitation any attempt to avoid infringement of or design around the patent-in-suit or application.

5. State whether ESRI took any affirmative steps to determine whether it might be infringing any claim of the patent-in-suit, and if so, what the steps were, including whether ESRI received legal advice that it did not infringe any claim of the patent-in-suit, or that any claim of the patent-in-suit is invalid or unenforceable and, if so, identify the date upon which, and the circumstances under which, ESRI obtained such legal advice.

6. Assuming that ESRI is liable for any claim of patent infringement being asserted by Skyline against ESRI in the Lawsuit, describe in detail the complete factual basis supporting ESRI's contentions as to the appropriate reasonable royalty to be awarded to Skyline, and identify all information including, but not limited to documents, considered, reviewed and/or relied upon by ESRI as a basis for the facts and assertions provided in response to this interrogatory. As part of its response to this interrogatory, ESRI shall identify all factors, including, but not limited to, the *Georgia Pacific* factors, which ESRI contends are relevant to the determination of a reasonable royalty rate in a hypothetical negotiation between Skyline and ESRI for a license under the patent-in-suit, and ESRI shall further identify the effect that each such factor would have on said hypothetical negotiation.

7. Describe in detail the complete factual basis supporting any contention, affirmative defense or counterclaim by ESRI alleging that ESRI has not directly

infringed, actively induced the infringement of and/or contributed to the infringement of any claim of the patent-in-suit, and identify all information including, but not limited to, documents considered, reviewed and/or relied upon by ESRI as a basis for the facts and assertions provided in response to this interrogatory.  A complete answer to this interrogatory shall include at least the following information:

(a).    a term-by-term, element-by-element and limitation-by-limitation application of each claim of the patent-in-suit to each Accused Product and Service, including an identification of all claim terms, elements and limitations that are present in each Accused Product and Service and all claim terms, elements and limitations that are allegedly absent from each Accused Product and Service and ESRI's contentions regarding the construction of each allegedly absent term, element and limitation, with supporting citations to the intrinsic record;

(b).    for any claim term, element and limitation that is allegedly absent from any Accused Product and Service, state whether any other feature, part, component, element, or combination of structure present in such Accused Product and Service performs substantially the same or a similar function as the allegedly absent claim element; and

(c).    an identification of any portion of the specification and prosecution history of the patent-in-suit on which ESRI is relying upon as a basis for any non-infringement contention.

8.    Describe in detail the complete factual basis supporting any contention, affirmative defense or counterclaim by ESRI alleging that any claim of the patent-in-suit is invalid under 35 U.S.C. § 102, and identify all information including, but not limited to,

8

documents considered, reviewed and/or relied upon by ESRI as a basis for the facts and assertions provided in response to this interrogatory. A complete answer to this interrogatory shall include at least the following information:

(a).   an identification of each item of prior art being relied upon by ESRI in asserting invalidity under § 102;

(b).   where the item of prior art being relied upon by ESRI is a tangible thing, identification of the facts and circumstances relating to any allegedly invalidating public use, public disclosure, public knowledge, sale or offer for sale of said thing;

(c).   an identification of the specific statutory basis of § 102 under which ESRI is asserting each such item of prior art; and

(d).   a term-by-term, element-by-element and limitation-by-limitation application of each such item of prior art to each claim of the patent-in-suit which ESRI contends is anticipated by said item of prior art, with supporting citations to the item of prior art.

9.   Describe in detail the complete factual basis supporting any contention, affirmative defense or counterclaim by ESRI alleging that any claim of the patent-in-suit is invalid under 35 U.S.C. § 103, and identify all information including, but not limited to, documents considered, reviewed and/or relied upon by ESRI as a basis for the facts and assertions provided in response to this interrogatory. A complete answer to this interrogatory shall include, at a minimum, the following information:

(a).   an identification of each item of prior art being relied upon by ESRI in asserting invalidity under § 103;

(b).   where the item of prior art being relied upon by ESRI is a tangible thing, an identification of the facts and circumstances relating to any allegedly invalidating

9

public use, public disclosure, public knowledge, sale or offer for sale of said thing;

(c).   an identification of any portion of each such item of prior art which provides a teaching, suggestion or motivation to combine said item of prior art with any other item of prior art being relied upon by ESRI;

(d).   ESRI's contention regarding the level of ordinary skill in the art at the time of the invention of the subject matter encompassed by the claims of the patent-in-suit;

(e).   an identification of the differences between any item of prior art being relied upon by ESRI and any claim of the patent-in-suit which ESRI contends is rendered obvious by said item of prior art; and

(f).   an identification of the manner in which ESRI contends that multiple items of prior art being relied upon by ESRI should be combined, and a term-by-term, element-by-element and limitation-by-limitation application of each such combination to each claim of each patent-in-suit which ESRI contends is rendered obvious by said combination of items of prior art.

10.   Describe in detail the complete factual basis supporting any contention, affirmative defense or counterclaim by ESRI alleging that any claim of the patent-in-suit is invalid for failure to comply with 35 U.S.C. § 112 (including an identification of the specific paragraph and requirement of § 112 that allegedly was not complied with), and identify all information including, but not limited to, documents considered, reviewed and/or relied upon by ESRI as a basis for the facts and assertions provided in response to this interrogatory.

11.   Describe in detail the complete factual basis supporting any contention or affirmative defense by ESRI alleging that any claim of the patent-in-suit is

10

unenforceable for any reason, including any alleged inequitable conduct, and identify all documents considered, reviewed and/or relied upon by ESRI as a basis for the facts and assertions provided in response to this interrogatory.

12. Describe in detail the complete factual basis supporting any contention or affirmative defense by ESRI alleging that Skyline's claims and demands for relief are limited or barred by any reason not set forth above, and identify all information including, but not limited to, documents considered, reviewed and/or relied upon by ESRI as a basis for the facts and assertions provided in response to this interrogatory.

13. For each Accused Product and Service, identify by production number the documents that describe the actual design, structure, function and operation of the Accused Product and Service including, but not limited to, the visualization of three-dimensional imagery and/or data sent from a server to a client over a computer network.

14. Identify what ESRI believes is the most pertinent item(s) of prior art with respect to each claim of the patent-in-suit and, if such item(s) of prior art was/were not considered by the PTO during prosecution of the patent-in-suit, explain why and how such item(s) or prior are is/are more pertinent than the prior art considered by the PTO.

15. Identify each and every person known to ESRI who it believes has knowledge of facts that ESRI believes are pertinent or relevant to this lawsuit (including, but not limited to, any person whom ESRI intends to call as a fact witness under Fed.R.Evid. 702, 703, or 705 and who is not retained or specifically employed to provide expert testimony in this case by ESRI) by providing at least his/her name, most current or last known address and, if known, phone numbers, a concise description of the nature of their association with the parties and the substance of any such knowledge,

and identification of all persons and documents consulted or to be consulted by each such witness in preparation for his or her testimony.


Date: May 21, 2010

/s/ Anna B. Folgers
Raymond P. Niro
David J. Sheikh
Brian E. Haan
Anna B. Folgers
NIRO, HALLER & NIRO
181 West Madison Street, Suite 4600
Chicago, Illinois 60602
(312) 236-0733
Fax: (312) 236-3137
E-mail: rniro@nshn.com
E-mail: sheikh@nshn.com
E-mail: bhaan@nshn.com
E-mail: afolgers@nshn.com

Alan D. Albert
Virginia Bar Number:  25142
LeClairRyan
999 Waterside Drive, Suite 2525
Norfolk, Virginia  23510
Telephone: (757) 441-8914
Fax: (757) 624-3773
E-mail:  Alan.albert@leclairryan.com

**Counsel for Skyline Software Systems, Inc.**

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing **PLAINTIFF SKYLINE SOFTWARE SYSTEMS, INC.'S FIRST SET OF INTERROGATORIES NOS. 1 – 15 TO DEFENDANT ENVIRONMENTAL SYSTEMS RESEARCH INSTITUTE, INC** was served:

by HAND DELIVERY and ELECTRONIC TRANSMISSION on the May 21, 2010 on the following counsel of record:

>Thomas M. Buchanan
>Charles B. Molster, III
>WINSTON & STRAWN LLP
>1700 K Street, N.W.
>Washington, D.C. 20006
>(202) 282-5988
>Fax: (202) 282-5100
>Email:  cmolster@winston.com

and by ELECTRONIC TRANSMISSION and FIRST CLASS MAIL on the May 21, 2010 on the following counsel of record:

>Gail J. Standish
>Denise Abigail Smith
>WINSTON & STRAWN LLP
>333 S. Grand Avenue
>Los Angeles, CA 90071
>(213) 615-1731
>Fax: (213) 615-1750
>Email: gstandish@winston.com
>Email: desmith@winston.com
>
>***Counsel for Environmental Systems Research Institute, Inc.***

/s/ Anna B. Folgers