# EXHIBIT K

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| SKYLINE SOFTWARE SYSTEMS, INC., | ) ) ) Case No. 2:09-cv-00632-RAJ/FBS |
| Plaintiff, | ) ) |
| v. | ) ) |
| ENVIRONMENTAL SYSTEMS RESEARCH INSTITUTE, INC., | ) ) ) |
| Defendant. | ) |

**PLAINTIFF SKYLINE SOFTWARE SYSTEMS, INC.'S FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS AND THINGS NOS. 1- 38 TO DEFENDANT ENVIRONMENTAL SYSTEMS RESEARCH INSTITUTE, INC.**

In accordance with Fed.R.Civ.P. 34, Plaintiff, Skyline Software Systems, Inc. ("Skyline"), requests that defendant Environmental Systems Research Institute, Inc. ("ESRI") produce the documents and things described in the following requests. Skyline will examine the documents at the offices of its counsel, or where the documents are maintained by ESRI, or at any other mutually agreeable location where suitable examination and photocopying facilities exist or can be arranged. By accepting photocopies, Skyline is not waiving its right to examine originals where necessary.

Where ESRI withholds documents for reasons of attorney-client privilege, work-product immunity or the like, Skyline requests that it be served with a list of such documents prepared in accordance with applicable case law, including at least the names and titles or functions of the authors; any recipients; the date; the basis for withholding; and a description of the document and its subject matter sufficient to allow Skyline to contest the claim. Skyline will accept confidential documents under a suitable

protective order.

In cases where ESRI believes there is no responsive document, or where it is maintained for a different period or fiscal year, Skyline asks that ESRI produce the best available documents from which the information sought by the request may be derived. (In the case of financial information, it is usually possible to derive the desired information if it is not already available).

These requests are intended to seek documents and things as broadly as those words are defined by Fed.R.Civ.P. 34 and applicable case law.

## DEFINITIONS

The term "ESRI" refers to defendant Environmental Systems Research Institute, Inc.; all divisions, departments, subsidiaries, representatives or entities owned or controlled, in whole or in part, by defendant Environmental Systems Research Institute, Inc.; all past and present owners, partners, members, officers, agents, directors, employees, attorneys, affiliates and parents of defendant Environmental Systems Research Institute, Inc.; and all predecessors in interest, successors in interest, and other entities related to defendant Environmental Research Institute, Inc.

The term "person" refers to both natural persons, whether in the employ of ESRI or not, and corporate or other business entities (including ESRI).  The acts of a person (including ESRI) are defined to include the acts of owners, partners, members, officers, agents, directors, employees, attorneys, affiliates or parents acting on the person's behalf.

To "identify" a natural person means to state the person's full name, present business address and telephone number, present job title or occupation, and/or his or

her present or last known home address and telephone number.

To "identify" a company or other business, governmental, or organizational entity means to state its name, corporate or organizational status, principal place of business of the identified entity, and the identity of persons having knowledge of the matter with respect to which the entity is named.

To "identify" a product or thing means to state its name, title or other designation, the identity of the person or persons who prepared, designed or developed it, and its location and custodian.

The term "document" shall be construed as broadly as possible under the Federal Rules, and shall include any item which would be a "writing" or "recording" as defined in Fed.R.Evid. 1001(1) or a "document" as defined in Fed.R.Civ.P. 34(a). By way of example and without limitation, the term "document" encompasses at least the following: all handwritten, typed, printed, recorded, graphic or computer-readable matter however produced or reproduced, whether copies or originals, in the possession, custody or control of ESRI, including, but not limited to: letters, cables, wires, e-mail, voice mail, memoranda, interoffice communications, reports, notes, minutes, audio recordings, drawings, blueprints, sketches, notebooks, test data, specifications, product manuals, charts, photographs, videos, patents, patent applications, assignments, contracts, agreements, legal instruments, published material of any kind, annual reports, reports to shareholders or owners, advertising or promotional literature, product brochures, product catalogs, press releases, ledgers, bills, orders, invoices, pricing sheets, sales receipts, accounting books, financial records, and any files created or maintained by ESRI.

To "identify" or "locate" documents means to provide a brief description of each document sufficient to support a request for production, including at least the type of document, date of the document, identification of the author, as well as identification of each person who presently has custody of the document and of any copy thereof.

The term "pertaining to" means relevant to, referring to, alluding to, responding to, connected with, commenting on, with respect to, reflecting, about, regarding, discussing, showing, describing, reflecting, relating to, constituting or mentioning documents, information, persons or subject matter.

The term "relevant" means documents and other information that are relevant under Fed.R.Civ.P. 26 and/or Fed.R.Evid. 401-02; or that ESRI may use to support its allegations or defenses; or which tend to prove or disprove any of Skyline's allegations or defenses.

The terms "and," "or" as well as "and/or" shall be construed disjunctively or conjunctively as necessary in order to bring within the scope of the request all responses which otherwise might be construed to be outside its scope.

The term "Accused Product(s) and Service(s)" means all ESRI products, applications and services that allow, facilitate, enable, provide functionality for and/or are used for the visualization of three-dimensional imagery and/or terrain data sent from a server to a client over a computer network including, but not limited to, the following ESRI products, applications and services:  (a) ArcGIS 3D Analyst; (b) ArcGlobe; (c) ArcGIS Explorer; (d) ArcScene; (e) ArcGIS Engine with 3D extension; (f) ArcGIS Server; and (g) ArcWeb Services.

The term "patent-in-suit" means United States Patent No. 7,551,172, entitled

"Sending Three-Dimensional Images Over a Network."

The term "Lawsuit" means *Skyline Software Systems, Inc. v. Environmental Systems Research Institute, Inc.*, Civil Action No. 2:09cv632 (E.D. Va.).

### Document Requests

1. All documents describing the design, structure, function and operation of the Accused Products and Services including, but not limited to, the visualization of three-dimensional imagery and/or data sent from a server to a client over a computer network, design schematics (for both discrete parts and whole products), source code, flowcharts, specification documents, test plans, algorithms, pseudo-code, customer service/assistance manuals and guidelines, and system protocols. All source code is specifically requested with comments intact and on computer readable media.

2. All documents sufficient to show the past and present organizational structure and operational structure of ESRI since 1999 (including, without limitation, corporate family organization charts), and the identity of any officers, employees and sale agents, or representatives (including, without limitation, departmental officer/employee organizational charts).

3. All documents sufficient to identify past and present officers, employees, agents, consultants or representatives of ESRI who has and/or had any involvement in the marketing, training, distribution and/or sale of the Accused Products and Services,.

4. All documents sufficient to identify past and present officers, employees, agents, consultants or representatives of ESRI who has and/or had involvement in the conception, design, development, testing and/or manufacturing of the Accused Products and Services.

5

5. All documents related to, including, without limitation, documents sufficient to show when, the reasons why and the circumstances under which, the Accused Products and Services were conceived, designed, developed, manufactured, and commercially exploited.

6. All documents sufficient to identify all versions of the Accused Products and Services and when each version was commercially introduced.

7. All documents that constitute, refer to, reflect or identify any report, business plan, strategic plan, prospectus, offering memorandum or similar document pertaining to the Accused Products and Services, including, but not limited to financial forecasts, business meetings, and related press releases.

8. All documents that constitute, refer to, reflect or identify any marketing, promotion and advertising pertaining to the Accused Products and Services, including marketing research, marketing plans, market demand analyses, market share analyses, market research, customer surveys, and related press releases.

9. All sales and marketing materials for the Accused Products and services distributed, displayed, presented, or used in connection with the sale of such products or services either directly by ESRI or by a third party distributor or reseller.

10. All documents pertaining to the Accused Products and Services used, distributed, displayed or presented in trade shows, technical workshops, user conferences, user forums, user summits, developer conferences, developer forums, developer summits or similar documents, including, but not limited to all presentations, demonstrations and technical papers pertaining to the Accused Products and Services.

11. All documents sufficient to show the number of Accused Products and

Services made, used, offered for sale and sold in the United States, exported from the United States and imported into the United States.

12. All documents and summary documents sufficient to show ESRI's revenues, costs (fixed and variable), gross profit and net profit realized by ESRI from the sale of the Accused Products and Services, and the unit and dollar volume of sales of each Accused Product and Service in the United States, from 1999 to the present, with projections through calendar year 2010.

13. ESRI's audited financial reports for each year from 1999 forward.

14. All documents sufficient to show the total consideration received by ESRI for any sales or other transaction pertaining to an Accused Product or Service.

15. Valuations pertaining to the Accused Products and Services, including, without limitation, valuations of the particular features of the Accused Products and Services.

16. All documents sufficient to show usage of the Accused Products or Services including, but not limited to, usage of the Accused Products or Services for the visualization of three-dimensional imagery and/or data sent from a server to a client over a computer network.

17. All documents sufficient to show ESRI's actual and potential United States customers for the Accused Products and Services including, but not limited to, customers who use the Accused Products and Services for the visualization of three-dimensional imagery and/or data sent from a server to a client over a computer network.

18. All contracts and agreements, including but not limited to license, technology, sales, marketing, distribution, supply, service and training contracts or

agreements, or similar document pertaining to the Accused Products and Services.

19. All documents sufficient to identify products or services that compete with the Accused Products and Services.

20. All documents relating to the existence, substance or circumstance of any feedback (positive and negative) between ESRI and its customers pertaining to the Accused Products and Services, including, without limitation, all troubleshooting communications.

21. All documents pertaining to recognition, praise, awards and the like for the Accused Products and Services.

22. All documents relating to the existence, substance or circumstance of any competitive analyses or the related analysis pertaining to the Accused Products and Services, Skyline or Skyline's products or services, Skyline's patent rights or the patent-in-suit.

23. All documents pertaining to Skyline, Skyline's products or services, Skyline's patent rights or the patent-in-suit, Ronnie Yaron, or Ofer Shor.

24. All documents relating to the existence, substance or circumstance of any communications (i.e. transmittal of information in the form of facts, ideas, inquiries, or otherwise) and correspondence (such as notes, e-mail, letters memoradnda, telephone call notes, calendar entries, etc.) between ESRI and Skyline, and/or Ronnie Yaron, and/or Ofer Shor pertaining to the Accused Products and Services, Skyline's products or services, Skyline's patent rights, or the patent-in-suit.

25. All documents relating to the existence, substance or circumstance of any communications (i.e. transmittal of information in the form of facts, ideas, inquiries, or

8

otherwise) and correspondence (such as notes, e-mail, letters memoranda, telephone call notes, calendar entries, etc.) between ESRI and any third party including, but not limited to, Microsoft Corporation, pertaining to the Accused Products and Services, Skyline's products or services, Skyline's patent rights, the patent-in-suit, and/or Ronnie Yaron, Ofer Shor or the Lawsuit.

26. All documents ESRI has relied on, is relying on or intends to rely on in support of its defenses and counterclaims in the Lawsuit, including, without limitation, all alleged prior art that ESRI has relied on, is relying on or intends to rely on for any purpose in this Lawsuit.

27. All documents and things obtained or acquired through all validity or patentability prior art searches or investigations relied upon, reviewed, generated, performed, commissioned, ordered, requested, received, contracted or purchased by or on behalf of ESRI that related in any way to the patent-in-suit, including, without limitation, analyses of Skyline's products and services, Skyline's patent rights or the patent-in-suit.

28. All documents which ESRI contends are relevant to claim construction in this Lawsuit.

29. All documents relating to ESRI's contentions of the level of skill of a person of ordinary skill in the art of the patent-in-suit.

30. All documents reviewed for, relied on or identified in ESRI's responses to Skyline's interrogatories.

31. Documents pertaining to ESRI's knowledge about Skyline's patent rights and the patent-in-suit.

32. All patent markings pertaining to the Accused Products and Services.

33. All patents pertaining to the Accused Products and Services.

34. Documents pertaining to the sending of three-dimensional imagery and/or data from a server to a client over a computer network.

35. Documents sufficient to show any and all document retention policies in effect at ESRI since 1999.

36. Documents produced by any third party in response to a subpoena or other request served by ESRI in the Lawsuit.

37. All enterprise agreements pertaining to the Accused Products and Services.

38. Documents pertaining to the pricing for the Accused Products and Services and/or licenses for the Accused Products and Services.


Date: May 21, 2010              /s/ Anna B. Folgers
                                Raymond P. Niro
                                David J. Sheikh
                                Brian E. Haan
                                Anna B. Folgers
                                NIRO, HALLER & NIRO
                                181 West Madison Street, Suite 4600
                                Chicago, Illinois 60602
                                (312) 236-0733
                                Fax: (312) 236-3137
                                E-mail: rniro@nshn.com
                                E-mail: sheikh@nshn.com
                                E-mail: bhaan@nshn.com
                                E-mail: afolgers@nshn.com

Alan D. Albert
Virginia Bar Number:  25142
LeClairRyan
999 Waterside Drive, Suite 2525
Norfolk, Virginia  23510
Telephone: (757) 441-8914
Fax: (757) 624-3773
E-mail:  Alan.albert@leclairryan.com

***Counsel for Skyline Software Systems, Inc.***

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing **PLAINTIFF SKYLINE SOFTWARE SYSTEMS, INC.'S FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS AND THINGS NOS. 1 - TO DEFENDANT ENVIRONMENTALSYSTEMS RESEARCH INSTITUTE, INC.** was served:

by HAND DELIVERY and ELECTRONIC TRANSMISSION on the May 21, 2010 on the following counsel of record:

>Thomas M. Buchanan
>Charles B. Molster, III
>WINSTON & STRAWN LLP
>1700 K Street, N.W.
>Washington, D.C. 20006
>(202) 282-5988
>Fax: (202) 282-5100
>Email:  cmolster@winston.com

and by ELECTRONIC TRANSMISSION and FIRST CLASS MAIL on the May 21, 2010 on the following counsel of record:

>Gail J. Standish
>Denise Abigail Smith
>WINSTON & STRAWN LLP
>333 S. Grand Avenue
>Los Angeles, CA 90071
>(213) 615-1731
>Fax: (213) 615-1750
>Email: gstandish@winston.com
>Email: desmith@winston.com
>
>***Counsel for Environmental Systems Research Institute, Inc.***

/s/ Anna B. Folgers