EXHIBIT L

**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division**

| | |
|---|---|
| SKYLINE SOFTWARE SYSTEMS, INC., | |
| PLAINTIFF, | |
| v. | Civil Act. No. 2:09-cv-632-RAJ-FBS |
| ENVIRONMENTAL SYSTEMS RESEARCH INSTITUTE, INC., | |
| DEFENDANT. | |

**DEFENDANT AND COUNTERCLAIMANT ENVIRONMENTAL SYSTEMS
RESEARCH INSTITUTE, INC.'S OBJECTIONS TO PLAINTIFF SKYLINE
SOFTWARE SYSTEMS, INC.'S FIRST SET OF REQUESTS FOR THE PRODUCTION
OF DOCUMENTS AND THINGS NOS. 1-38**

Pursuant to Federal Rule of Civil Procedure 34 and Local Rule 26, Defendant and

Counterclaimant Environmental Systems Research Institute, Inc. ("ESRI"), by and through its

undersigned counsel, hereby submits its Objections to Plaintiff Skyline Software Systems, Inc.'s

("Skyline" or "Plaintiff") First Set of Requests for Production of Documents and Things Nos. 1-

38 ("Requests").

**GENERAL OBJECTIONS**

Each of these objections is incorporated into each and every one of ESRI's Responses as

though fully set forth therein, and is in addition to any specific objections stated in response to a

particular Request.

1.      ESRI objects to these Requests to the extent they seek confidential or proprietary

information prior to the entry of a protective order.

2.      ESRI objects to these Requests to the extent they seek information protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege, including but not limited to common interest and/or joint defense.

3.      ESRI objects to the Definitions and Instructions to the extent they purport to change the common meaning of the English language with regard to any word or phrase, to the extent they attempt to alter the scope of discovery under the Federal Rules of Civil Procedure and/or the Local Rules of this Court and to the extent the definitions define terms differently than such terms are defined under the Federal Rules of Civil Procedure, the Local Rules of this Court, and/or the common law.  ESRI also objects to Plaintiff's definitions to the extent that they are argumentative, prejudicial, pejorative, improper, incorrect, vague, and/or ambiguous.

4.      ESRI's response to any of these Requests does not constitute acquiescence or agreement to any definition proposed by Plaintiff, and is made without waiver of ESRI's right to object to such definition(s).

5.      ESRI objects to these Requests to the extent they seek information that is in the public domain and, therefore, equally accessible to Plaintiff.

6.      ESRI objects to these Requests, including the Definitions and Instructions provisions, to the extent that they purport to expand or to alter the responsibilities and obligations of the parties under the Federal Rules of Civil Procedure and/or the Local Rules of this Court. ESRI will produce electronic documents in either .tiff format or native file format.

7.      ESRI objects to these Requests to the extent they seek legal conclusions, and/or would require ESRI to reach a legal conclusion in order to prepare a response.

8.      ESRI objects to these Requests to the extent that disputed issues are assumed to be resolved and the Requests are phrased in an argumentative, prejudicial or improper fashion.

9.      ESRI objects to these Requests to the extent they are overly broad, unduly burdensome, oppressive, irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence.

10.      ESRI objects to each of these Requests that do not include a reasonable temporal limitation.

11.      ESRI objects to these Requests to the extent they seek information that should be protected from disclosure under a confidentiality or protective order, or under any other order or stipulation that ESRI has entered into or is subject to with respect to any past or present litigation or other matter.

12.      ESRI objects to these Requests to the extent they seek information of third parties protected from disclosure under confidentiality or other agreements with third parties that ESRI has entered into or is subject to.

13.      ESRI objects to these Requests to the extent they purport to require ESRI to search for and produce documents or information that are not within its possession, custody, or control.

14.      ESRI objects to these Requests to the extent they are premature, and ESRI's responses or production of any documents or things in response to these Requests is without prejudice to this objection.  ESRI reserves the right to amend and/or supplement its responses.

## SPECIFIC OBJECTIONS

## REQUEST NO. 1:

All documents describing the design, structure, function and operation of the Accused Products and Services including, but not limited to, the visualization of three-dimensional imagery and/or data sent from a server to a client over a computer network, design schematics

(for both discrete parts and whole products), source code, flowcharts, specification documents, test plans, algorithms, pseudo-code, customer service/assistance manuals and guidelines, and system protocols.  All source code is specifically requested with comments intact and on computer readable media.

## OBJECTIONS TO REQUEST NO. 1:

In addition to the General Objections above, which are incorporated herein by reference, ESRI objects to this Request as overly broad, unduly burdensome, compound, vague and ambiguous.  ESRI objects to the extent the Request calls for documents or items protected by the attorney-client privilege, the attorney work product immunity, or any other applicable privilege or immunity.  ESRI further objects to this Request on the grounds that the term "Accused Products and Services" is overly broad and irrelevant as it includes products that have no three-dimensional ("3D") functionality and do not relate to the patent-in-suit.  ESRI further objects to this Request to the extent it seeks confidential or proprietary information prior to the entry of a protective order.  ESRI further objects to this Request to the extent it fails to include any reasonable time period.  ESRI further objects to the production of source code, at least without adequate protections.

Subject to and without waiving the above objections, non-privileged and responsive documents that are reasonably obtainable will be produced at a time and location mutually agreeable to the parties, for a reasonable time period.

## REQUEST NO. 2:

All documents sufficient to show the past and present organizational structure and operational structure of ESRI since 1999 (including, without limitation, corporate family organization charts), and the identity of any officers, employees and sale agents, or

representatives (including, without limitation, departmental officer/employee organizational charts).

## OBJECTIONS TO REQUEST NO. 2:

In addition to the General Objections above, which are incorporated herein by reference, ESRI objects to this Request as overly broad, unduly burdensome, compound, vague and ambiguous. ESRI objects to the extent the Request calls for documents or items protected by the attorney-client privilege, the attorney work product immunity, or any other applicable privilege or immunity.

Subject to and without waiving the above objections, non-privileged and responsive documents that are reasonably obtainable will be produced at a time and location mutually agreeable to the parties, for a reasonable time period.

## REQUEST NO. 3:

All documents sufficient to identify past and present officers, employees, agents, consultants or representatives of ESRI who has and/or had any involvement in the marketing, training, distribution and/or sale of the Accused Products and Services.

## OBJECTIONS TO REQUEST NO. 3:

In addition to the General Objections above, which are incorporated herein by reference, ESRI objects to this Request as overly broad, unduly burdensome, compound, vague and ambiguous. ESRI objects to the extent the Request calls for documents or items protected by the attorney-client privilege, the attorney work product immunity, or any other applicable privilege or immunity. ESRI objects to this Request on the grounds that the term "Accused Products and Services" is overly broad and irrelevant as it includes products that have no 3D functionality and do not relate to the patent-in-suit. ESRI further objects to this Request to the extent it seeks

confidential or proprietary information prior to the entry of a protective order.  ESRI further objects to this Request to the extent it fails to include any reasonable time period.

Subject to and without waiving the above objections, non-privileged and responsive documents that are reasonably obtainable will be produced at a time and location mutually agreeable to the parties, for a reasonable time period.

## REQUEST NO. 4:

All documents sufficient to identify past and present officers, employees, agents, consultants or representatives of ESRI who has and/or had involvement in the conception, design, development, testing and/or manufacturing of the Accused Products and Services.

## OBJECTIONS TO REQUEST NO. 4:

In addition to the General Objections above, which are incorporated herein by reference, ESRI objects to this Request as overly broad, unduly burdensome, compound, vague and ambiguous.  ESRI objects to the extent the Request calls for documents or items protected by the attorney-client privilege, the attorney work product immunity, or any other applicable privilege or immunity.  ESRI objects to this Request on the grounds that the term "Accused Products and Services" is overly broad and irrelevant as it includes products that have no 3D functionality and do not relate to the patent-in-suit.  ESRI further objects to this Request to the extent it seeks confidential or proprietary information prior to the entry of a protective order.

Subject to and without waiving the above objections, non-privileged and responsive documents that are reasonably obtainable will be produced at a time and location mutually agreeable to the parties, for a reasonable time period.

## REQUEST NO. 5:

All documents related to, including, without limitation, documents sufficient to show when, the reasons why and the circumstances under which, the Accused Products and Services were conceived, designed, developed, manufactured, and commercially exploited.

**OBJECTIONS TO REQUEST NO. 5:**

In addition to the General Objections above, which are incorporated herein by reference, ESRI objects to this Request as overly broad, unduly burdensome, compound, vague and ambiguous, and worded in a prejudicial and pejorative manner. ESRI objects to the extent the Request calls for documents or items protected by the attorney-client privilege, the attorney work product immunity, or any other applicable privilege or immunity.  ESRI objects to this Request on the grounds that the term "Accused Products and Services" is overly broad and irrelevant as it includes products that have no 3D functionality and do not relate to the patent-in-suit.  ESRI further objects to this Request to the extent it seeks confidential or proprietary information prior to the entry of a protective order.

Subject to and without waiving the above objections, non-privileged and responsive documents that are reasonably obtainable, if any, will be produced at a time and location mutually agreeable to the parties, for a reasonable time period.

**REQUEST NO. 6:**

All documents sufficient to identify all versions of the Accused Products and Services and when each version was commercially introduced.

**OBJECTIONS TO REQUEST NO. 6:**

In addition to the General Objections above, which are incorporated herein by reference, ESRI objects to this Request as overly broad, unduly burdensome, compound, vague and ambiguous.  ESRI objects to the extent the Request calls for documents or items protected by the

attorney-client privilege, the attorney work product immunity, or any other applicable privilege or immunity.  ESRI objects to this Request on the grounds that the term "Accused Products and Services" is overly broad and irrelevant as it includes products that have no 3D functionality and do not relate to the patent-in-suit.

Subject to and without waiving the above objections, non-privileged and responsive documents that are reasonably obtainable, if any, will be produced at a time and location mutually agreeable to the parties, for a reasonable time period.

## REQUEST NO. 7:

All documents that constitute, refer to, reflect or identify any report, business plan, strategic plan, prospectus, offering memorandum or similar document pertaining to the Accused Products and Services, including, but not limited to financial forecasts, business meetings, and related press releases.

## OBJECTIONS TO REQUEST NO. 7:

In addition to the General Objections above, which are incorporated herein by reference, ESRI objects to this Request as overly broad, unduly burdensome, compound, vague and ambiguous.  ESRI objects to the extent the Request calls for documents or items protected by the attorney-client privilege, the attorney work product immunity, or any other applicable privilege or immunity.  ESRI objects to this Request on the grounds that the term "Accused Products and Services" is overly broad and irrelevant as it includes products that have no 3D functionality and do not relate to the patent-in-suit.  ESRI further objects to this Request to the extent it seeks confidential or proprietary information prior to the entry of a protective order.

Subject to and without waiving the above objections, non-privileged and responsive documents that are reasonably obtainable, if any, will be produced at a time and location mutually agreeable to the parties, for a reasonable time period.

**REQUEST NO. 8:**

All documents that constitute, refer to, reflect or identify any marketing, promotion and advertising pertaining to the Accused Products and Services, including marketing research, marketing plans, market demand analyses, market share analyses, market research, customer surveys, and related press releases.

**OBJECTIONS TO REQUEST NO. 8:**

In addition to the General Objections above, which are incorporated herein by reference, ESRI objects to this Request as overly broad, unduly burdensome, compound, vague and ambiguous.  ESRI objects to the extent the Request calls for documents or items protected by the attorney-client privilege, the attorney work product immunity, or any other applicable privilege or immunity.  ESRI objects to this Request on the grounds that the term "Accused Products and Services" is overly broad and irrelevant as it includes products that have no 3D functionality and do not relate to the patent-in-suit.  ESRI further objects to this Request to the extent it seeks confidential or proprietary information prior to the entry of a protective order.

Subject to and without waiving the above objections, non-privileged documents and responsive documents, if any, will be produced at a time and location mutually agreeable to the parties.

**REQUEST NO. 9:**

All sales and marketing materials for the Accused Products and services distributed, displayed, presented, or used in connection with the sale of such products or services either directly by ESRI or by a third party distributor or reseller.

**OBJECTIONS TO REQUEST NO. 9:**

In addition to the General Objections above, which are incorporated herein by reference, ESRI objects to this Request as overly broad, unduly burdensome, compound, vague and ambiguous.  ESRI objects to this Request on the grounds that the term "Accused Products and Services" is overly broad and irrelevant as it includes products that have no 3D functionality and do not relate to the patent-in-suit.  ESRI further objects to the extent that the Request seeks information that is not in ESRI's possession, custody, or control.  ESRI further objects to this Request to the extent it is duplicative of Request Number 8.

Subject to and without waiving the above objections, non-privileged and responsive documents that are reasonably obtainable, if any, will be produced at a time and location mutually agreeable to the parties, for a reasonable time period.

**REQUEST NO. 10:**

All documents pertaining to the Accused Products and Services used, distributed, displayed or presented in trade shows, technical workshops, user conferences, user forums, user summits, developer conferences, developer forums, developer summits or similar documents, including, but not limited to all presentations, demonstrations and technical papers pertaining to the Accused Products and Services.

**OBJECTIONS TO REQUEST NO. 10:**

In addition to the General Objections above, which are incorporated herein by reference, ESRI objects to this Request as overly broad, unduly burdensome, compound, vague and

ambiguous.  ESRI objects to the extent the Request calls for documents or items protected by the attorney-client privilege, the attorney work product immunity, or any other applicable privilege or immunity.  ESRI objects to this Request on the grounds that the term "Accused Products and Services" is overly broad and irrelevant as it includes products that have no 3D functionality and do not relate to the patent-in-suit.

Subject to and without waiving the above objections, non-privileged and responsive documents that are reasonably obtainable, if any, will be produced at a time and location mutually agreeable to the parties, for a reasonable time period.

**REQUEST NO. 11:**

All documents sufficient to show the number of Accused Products and Services made, used, offered for sale and sold in the United States, exported from the United States and imported into the United States.

**OBJECTIONS TO REQUEST NO. 11:**

In addition to the General Objections above, which are incorporated herein by reference, ESRI objects to this Request as overly broad, unduly burdensome, compound, vague and ambiguous.  ESRI objects to the extent the Request calls for documents or items protected by the attorney-client privilege, the attorney work product immunity, or any other applicable privilege or immunity.  ESRI objects to this Request on the grounds that the term "Accused Products and Services" is overly broad and irrelevant as it includes products that have no 3D functionality and do not relate to the patent-in-suit.

Subject to and without waiving the above objections, non-privileged and responsive documents that are reasonably obtainable, if any, will be produced at a time and location mutually agreeable to the parties, for a reasonable time period.

**REQUEST NO. 12:**

All documents and summary documents sufficient to show ESRI's revenues, costs (fixed and variable), gross profit and net profit realized by ESRI from the sale of the Accused Products and Services, and the unit and dollar volume of sales of each Accused Product and Service in the United States, from 1999 to the present, with projections through calendar year 2010.

**OBJECTIONS TO REQUEST NO. 12:**

In addition to the General Objections above, which are incorporated herein by reference, ESRI objects to this Request as overly broad, unduly burdensome, compound, vague and ambiguous.  ESRI objects to this Request on the grounds that the term "Accused Products and Services" is overly broad and irrelevant as it includes products that have no 3D functionality and do not relate to the patent-in-suit.  ESRI further objects that the timeframe in this Request is overly broad and unduly burdensome.

Subject to and without waiving the above objections, non-privileged and responsive documents that are reasonably obtainable, if any, will be produced at a time and location mutually agreeable to the parties, for a reasonable time period.

**REQUEST NO. 13:**

ESRI's audited financial reports for each year from 1999 forward.

**OBJECTIONS TO REQUEST NO. 13:**

In addition to the General Objections above, which are incorporated herein by reference, ESRI objects to this Request as overly broad, unduly burdensome, compound, vague and ambiguous.  ESRI objects to the extent the Request calls for documents or items protected by the attorney-client privilege, the attorney work product immunity, or any other applicable privilege

or immunity.  ESRI further objects that the timeframe in this Request is overly broad and unduly burdensome.

Subject to and without waiving the above objections, non-privileged and responsive documents that are reasonably obtainable, if any, will be produced at a time and location mutually agreeable to the parties, for a reasonable time period.

**REQUEST NO. 14:**

All documents sufficient to show the total consideration received by ESRI for any sales or other transaction pertaining to an Accused Product or Service.

**OBJECTIONS TO REQUEST NO. 14:**

In addition to the General Objections above, which are incorporated herein by reference, ESRI objects to this Request as overly broad, unduly burdensome, compound, vague and ambiguous.  ESRI objects to this Request on the grounds that the term "Accused Products and Services" is overly broad and irrelevant as it includes products that have no 3D functionality and do not relate to the patent-in-suit.  ESRI further objects to this Request to the extent it fails to include any reasonable time period.  ESRI further objects to this Request to the extent it is duplicative of Request Numbers 12 and 13.

Subject to and without waiving the above objections, non-privileged and responsive documents that are reasonably obtainable, if any, will be produced at a time and location mutually agreeable to the parties, for a reasonable time period.

**REQUEST NO. 15:**

Valuations pertaining to the Accused Products and Services, including, without limitation, valuations of the particular features of the Accused Products and Services.

**OBJECTIONS TO REQUEST NO. 15:**

In addition to the General Objections above, which are incorporated herein by reference, ESRI objects to this Request as overly broad, unduly burdensome, compound, vague and ambiguous.  ESRI objects to the extent the Request calls for documents or items protected by the attorney-client privilege, the attorney work product immunity, or any other applicable privilege or immunity. ESRI objects to this Request on the grounds that the term "Accused Products and Services" is overly broad and irrelevant as it includes products that have no 3D functionality and do not relate to the patent-in-suit.  ESRI further objects to this Request to the extent it fails to include any reasonable time period.

Subject to and without waiving the above objections, non-privileged and responsive documents that are reasonably obtainable, if any, will be produced at a time and location mutually agreeable to the parties, for a reasonable time period.

## REQUEST NO. 16:

All documents sufficient to show usage of the Accused Products or Services including, but not limited to, usage of the Accused Products or Services for the visualization of three-dimensional imagery and/or data sent from a server to a client over a computer network.

## OBJECTIONS TO REQUEST NO. 16:

In addition to the General Objections above, which are incorporated herein by reference, ESRI objects to this Request as overly broad, unduly burdensome, compound, vague and ambiguous.  ESRI objects to this Request on the grounds that the term "Accused Products and Services" is overly broad and irrelevant as it includes products that have no 3D functionality and do not relate to the patent-in-suit.  ESRI further objects to this Request to the extent it fails to include any reasonable time period.

Subject to and without waiving the above objections, non-privileged and responsive documents that are reasonably obtainable, if any, will be produced at a time and location mutually agreeable to the parties, for a reasonable time period.

**REQUEST NO. 17:**

All documents sufficient to show ESRI's actual and potential United States customers for the Accused Products and Services including, but not limited to, customers who use the Accused Products and Services for the visualization of three- dimensional imagery and/or data sent from a server to a client over a computer network.

**OBJECTIONS TO REQUEST NO. 17:**

In addition to the General Objections above, which are incorporated herein by reference, ESRI objects to this Request as overly broad, unduly burdensome, compound, vague and ambiguous.  ESRI objects to this Request on the grounds that the term "Accused Products and Services" is overly broad and irrelevant as it includes products that have no 3D functionality and do not relate to the patent-in-suit.  ESRI further objects to this Request to the extent it seeks highly confidential and competitively sensitive information not relevant to the claims or defenses of any party in this action and is not reasonably calculated to lead to the discovery of admissible evidence.  ESRI further objects to this Request to the extent it seeks confidential or proprietary information prior to the entry of a protective order.  ESRI further objects to this Request to the extent it fails to include any reasonable time period.

**REQUEST NO. 18:**

All contracts and agreements, including but not limited to license, technology, sales, marketing, distribution, supply, service and training contracts or agreements, or similar document pertaining to the Accused Products and Services.

**OBJECTIONS TO REQUEST NO. 18:**

In addition to the General Objections above, which are incorporated herein by reference, ESRI objects to this Request as overly broad, unduly burdensome, compound, vague and ambiguous. ESRI objects to this Request on the grounds that the term "Accused Products and Services" is overly broad and irrelevant as it includes products that have no 3D functionality and do not relate to the patent-in-suit. ESRI further objects to this Request to the extent it seeks confidential or proprietary information prior to the entry of a protective order. ESRI further objects to this Request to the extent it fails to include any reasonable time period.

**REQUEST NO. 19:**

All documents sufficient to identify products or services that compete with the Accused Products and Services.

**OBJECTIONS TO REQUEST NO. 19:**

In addition to the General Objections above, which are incorporated herein by reference, ESRI objects to this Request as overly broad, unduly burdensome, compound, vague and ambiguous. ESRI objects to the extent the Request calls for documents or items protected by the attorney-client privilege, the attorney work product immunity, or any other applicable privilege or immunity. ESRI objects to this Request on the grounds that the term "Accused Products and Services" is overly broad and irrelevant as it includes products that have no 3D functionality and do not relate to the patent-in-suit. ESRI further objects to this Request to the extent it seeks highly confidential and competitively sensitive information not relevant to the claims or defenses of any party in this action and is not reasonably calculated to lead to the discovery of admissible evidence. ESRI further objects to this Request to the extent it fails to include any reasonable time period.

**REQUEST NO. 20:**

All documents relating to the existence, substance or circumstance of any feedback (positive and negative) between ESRI and its customers pertaining to the Accused Products and Services, including, without limitation, all troubleshooting communications.

**OBJECTIONS TO REQUEST NO. 20:**

In addition to the General Objections above, which are incorporated herein by reference, ESRI objects to this Request as overly broad, unduly burdensome, compound, vague and ambiguous. ESRI objects to the extent the Request calls for documents or items protected by the attorney-client privilege, the attorney work product immunity, or any other applicable privilege or immunity. ESRI objects to this Request on the grounds that the term "Accused Products and Services" is overly broad and irrelevant as it includes products that have no 3D functionality and do not relate to the patent-in-suit. ESRI further objects to this Request to the extent it seeks highly confidential and competitively sensitive information not relevant to the claims or defenses of any party in this action and is not reasonably calculated to lead to the discovery of admissible evidence. ESRI further objects to this Request to the extent it fails to include any reasonable time period.

**REQUEST NO. 21:**

All documents pertaining to recognition, praise, awards and the like for the Accused Products and Services.

**OBJECTIONS TO REQUEST NO. 21:**

In addition to the General Objections above, which are incorporated herein by reference, ESRI objects to this Request as overly broad, unduly burdensome, compound, vague and ambiguous. ESRI objects to this Request on the grounds that the term "Accused Products and

Services" is overly broad and irrelevant as it includes products that have no 3D functionality and do not relate to the patent-in-suit.  ESRI objects to this Request to the extent it seeks information that is in the public domain and, therefore, equally accessible to Plaintiff .  ESRI further objects to this Request to the extent it fails to include any reasonable time period.

Subject to and without waiving the above objections, non-privileged and responsive documents that are reasonably obtainable, if any, will be produced at a time and location mutually agreeable to the parties, for a reasonable time period.

**REQUEST NO. 22:**

All documents relating to the existence, substance or circumstance of any competitive analyses or the related analysis pertaining to the Accused Products and Services, Skyline or Skyline's products or services, Skyline's patent rights or the patent-in-suit.

**OBJECTIONS TO REQUEST NO. 22:**

In addition to the General Objections above, which are incorporated herein by reference, ESRI objects to this Request as overly broad, unduly burdensome, compound, vague and ambiguous.  ESRI objects to the extent the Request calls for documents or items protected by the attorney-client privilege, the attorney work product immunity, or any other applicable privilege or immunity. ESRI objects to this Request on the grounds that the term "Accused Products and Services" is overly broad and irrelevant as it includes products that have no 3D functionality and do not relate to the patent-in-suit.  ESRI further objects to this Request to the extent it fails to include any reasonable time period.

Subject to and without waiving the above objections, non-privileged and responsive documents that are reasonably obtainable, if any, will be produced at a time and location mutually agreeable to the parties, for a reasonable time period.

**REQUEST NO. 23:**

All documents pertaining to Skyline, Skyline's products or services, Skyline's patent rights or the patent-in-suit, Ronnie Yaron, or Ofer Shor.

**OBJECTIONS TO REQUEST NO. 23:**

In addition to the General Objections above, which are incorporated herein by reference, ESRI objects to this Request as overly broad, unduly burdensome, compound, vague and ambiguous.  ESRI objects to the extent the Request calls for documents or items protected by the attorney-client privilege, the attorney work product immunity, or any other applicable privilege or immunity.  ESRI further objects to the Request to the extent it seeks information that is not in ESRI's possession, custody or control, or that is equally accessible to Plaintiff. ESRI further objects to this Request to the extent it fails to include any reasonable time period.

Subject to and without waiving the above objections, non-privileged and responsive documents that are reasonably obtainable, if any, will be produced at a time and location mutually agreeable to the parties, for a reasonable time period.

**REQUEST NO. 24:**

All documents relating to the existence, substance or circumstance of any communications (i.e. transmittal of information in the form of facts, ideas, inquiries, or otherwise) and correspondence (such as notes, e-mail, letters memoranda, telephone call notes, calendar entries, etc.) between ESRI and Skyline, and/or Ronnie Yaron, and/or Ofer Shor pertaining to the Accused Products and Services, Skyline's products or services, Skyline's patent rights, or the patent-in-suit.

**OBJECTIONS TO REQUEST NO. 24:**

In addition to the General Objections above, which are incorporated herein by reference, ESRI objects to this Request as overly broad, unduly burdensome, compound, vague and ambiguous.  ESRI objects to the extent the Request calls for documents or items protected by the attorney-client privilege, the attorney work product immunity, or any other applicable privilege or immunity. ESRI objects to this Request on the grounds that the term "Accused Products and Services" is overly broad and irrelevant as it includes products that have no 3D functionality and do not relate to the patent-in-suit.  ESRI further objects to this Request to the extent it fails to include any reasonable time period.

Subject to and without waiving the above objections, non-privileged and responsive documents that are reasonably obtainable, if any, will be produced at a time and location mutually agreeable to the parties, for a reasonable time period.

**REQUEST NO. 25:**

All documents relating to the existence, substance or circumstance of any communications (i.e. transmittal of information in the form of facts, ideas, inquiries, or otherwise) and correspondence (such as notes, e-mail, letters memoranda, telephone call notes, calendar entries, etc.) between ESRI and any third party including, but not limited to, Microsoft Corporation, pertaining to the Accused Products and Services, Skyline's products or services, Skyline's patent rights, the patent-in-suit, and/or Ronnie Yaron, Ofer Shor or the Lawsuit.

**OBJECTIONS TO REQUEST NO. 25:**

In addition to the General Objections above, which are incorporated herein by reference, ESRI objects to this Request as overly broad, unduly burdensome, compound, vague and ambiguous.  ESRI objects to the extent the Request calls for documents or items protected by the

attorney-client privilege, the attorney work product immunity, or any other applicable privilege or immunity, including common interest and joint defense. ESRI objects to this Request on the grounds that the term "Accused Products and Services" is overly broad and irrelevant as it includes products that have no 3D functionality and do not relate to the patent-in-suit.  ESRI further objects to this Request to the extent it fails to include any reasonable time period.

Subject to and without waiving the above objections, non-privileged and responsive documents that are reasonably obtainable, if any, will be produced at a time and location mutually agreeable to the parties, for a reasonable time period.

## REQUEST NO. 26:

All documents ESRI has relied on, is relying on or intends to rely on in support of its defenses and counterclaims in the Lawsuit, including, without limitation, all alleged prior art that ESRI has relied on, is relying on or intends to rely on for any purpose in this Lawsuit.

## OBJECTIONS TO REQUEST NO. 26:

In addition to the General Objections above, which are incorporated herein by reference, ESRI objects to this Request as overly broad, unduly burdensome, compound, vague and ambiguous. ESRI objects to the extent the Request calls for documents or items protected by the attorney-client privilege, the attorney work product immunity, or any other applicable privilege or immunity.  ESRI further objects to this Request as premature in that it purports to require ESRI to provide the bases for its claims prior to completion of discovery and the preparation of expert reports, the timing of which is governed by the Court's Rule 16(b) Scheduling Order.

Subject to and without waiving the above objections, non-privileged and responsive documents that are reasonably obtainable, if any, will be produced at a time and location mutually agreeable to the parties.

**REQUEST NO. 27:**

All documents and things obtained or acquired through all validity or patentability prior art searches or investigations relied upon, reviewed, generated, performed, commissioned, ordered, requested, received, contracted or purchased by or on behalf of ESRI that relate in any way to the patent-in-suit, including, without limitation, analyses of Skyline's products and services, Skyline's patent rights or the patent-in-suit.

**OBJECTIONS TO REQUEST NO. 27:**

In addition to the General Objections above, which are incorporated herein by reference, ESRI objects to this Request as overly broad, unduly burdensome, compound, vague and ambiguous. ESRI objects to the extent the Request calls for documents or items protected by the attorney-client privilege, the attorney work product immunity, or any other applicable privilege or immunity.  ESRI further objects to this Request as premature in that it purports to require ESRI to provide the bases for its claims prior to completion of discovery and the preparation of expert reports, the timing of which is governed by the Court's Rule 16(b) Scheduling Order.

Subject to and without waiving the above objections, non-privileged and responsive documents that are reasonably obtainable, if any, will be produced at a time and location mutually agreeable to the parties.

**REQUEST NO. 28:**

All documents which ESRI contends are relevant to claim construction in this Lawsuit.

**OBJECTIONS TO REQUEST NO. 28:**

In addition to the General Objections above, which are incorporated herein by reference, ESRI objects to this Request as overly broad, unduly burdensome, compound, vague and ambiguous, and seeks legal conclusions. ESRI objects to the extent the Request calls for

documents or items protected by the attorney-client privilege, the attorney work product

immunity, or any other applicable privilege or immunity.  ESRI further objects to this Request as

premature in that it purports to require ESRI to provide the bases for its claims prior to

completion of discovery and the preparation of expert reports, the timing of which is governed

by the Court's Rule 16(b) Scheduling Order.

Subject to and without waiving the above objections, non-privileged and responsive

documents that are reasonably obtainable, if any, will be produced at a time and location

mutually agreeable to the parties.

**REQUEST NO. 29:**

All documents relating to ESRI's contentions of the level of skill of a person of ordinary

skill in the art of the patent-in-suit.

**OBJECTIONS TO REQUEST NO. 29:**

In addition to the General Objections above, which are incorporated herein by reference,

ESRI objects to this Request as overly broad, unduly burdensome, compound, vague and

ambiguous. ESRI objects to the extent the Request calls for documents or items protected by the

attorney-client privilege, the attorney work product immunity, or any other applicable privilege

or immunity.  ESRI further objects to this Request to the extent it fails to include any reasonable

time period.  ESRI further objects to this Request as premature in that it purports to require ESRI

to provide the bases for its claims prior to completion of discovery and the preparation of expert

reports, the timing of which is governed by the Court's Rule 16(b) Scheduling Order.

Subject to and without waiving the above objections, non-privileged and responsive

documents that are reasonably obtainable, if any, will be produced at a time and location

mutually agreeable to the parties.

**REQUEST NO. 30:**

All documents reviewed for, relied on or identified in ESRI's responses to Skyline's interrogatories.

**OBJECTIONS TO REQUEST NO. 30:**

In addition to the General Objections above, which are incorporated herein by reference, ESRI objects to this Request as overly broad, unduly burdensome, compound, vague and ambiguous.  ESRI objects to the extent the Request calls for documents or items protected by the attorney-client privilege, the attorney work product immunity, or any other applicable privilege or immunity.

Subject to and without waiving the above objections, non-privileged and responsive documents that are reasonably obtainable, if any, will be produced at a time and location mutually agreeable to the parties.

**REQUEST NO. 31:**

Documents pertaining to ESRI's knowledge about Skyline's patent rights and the patent-in-suit.

**OBJECTIONS TO REQUEST NO. 31:**

In addition to the General Objections above, which are incorporated herein by reference, ESRI objects to this Request as overly broad, unduly burdensome, compound, vague and ambiguous.  ESRI objects to the extent the Request calls for documents or items protected by the attorney-client privilege, the attorney work product immunity, or any other applicable privilege or immunity.

Subject to and without waiving the above objections, non-privileged and responsive documents that are reasonably obtainable, if any, will be produced at a time and location mutually agreeable to the parties.

**REQUEST NO. 32:**

All patent markings pertaining to the Accused Products and Services.

**OBJECTIONS TO REQUEST NO. 32:**

In addition to the General Objections above, which are incorporated herein by reference, ESRI objects to this Request as overly broad, unduly burdensome, vague and ambiguous.  ESRI objects to this Request on the grounds that the term "Accused Products and Services" is overly broad and irrelevant as it includes products that have no 3D functionality and do not relate to the patent-in-suit. ESRI further objects to the Request to the extent it seeks information that is not in ESRI's possession, custody or control or is equally accessible to Plaintiff.

Subject to and without waiving the above objections, non-privileged and responsive documents that are reasonably obtainable, if any, will be produced at a time and location mutually agreeable to the parties.

**REQUEST NO. 33:**

All patents pertaining to the Accused Products and Services.

**OBJECTIONS TO REQUEST NO. 33:**

In addition to the General Objections above, which are incorporated herein by reference, ESRI objects to this Request as overly broad, unduly burdensome, vague and ambiguous.  ESRI objects to this Request on the grounds that the term "Accused Products and Services" is overly broad and irrelevant as it includes products that have no 3D functionality and do not relate to the patent-in-suit. ESRI further objects to the Request to the extent it seeks information that is not in

ESRI's possession, custody or control or is equally accessible to Plaintiff.  ESRI further objects

to this Request to the extent it fails to include any reasonable time period.

Subject to and without waiving the above objections, non-privileged and responsive

documents that are reasonably obtainable, if any, will be produced at a time and location

mutually agreeable to the parties, for a reasonable time period.

## REQUEST NO. 34:

Documents pertaining to the sending of three-dimensional imagery and/or data from a

server to a client over a computer network.

## OBJECTIONS TO REQUEST NO. 34:

In addition to the General Objections above, which are incorporated herein by reference,

ESRI objects to this Request as overly broad, unduly burdensome, vague and ambiguous.  ESRI

objects to the extent the Request calls for documents or items protected by the attorney-client

privilege, the attorney work product immunity, or any other applicable privilege or immunity.

ESRI further objects to the extent that the Request seeks information that is not in ESRI's

possession, custody, or control, or is equally accessible to Plaintiff. ESRI further objects to this

Request to the extent it seeks confidential or proprietary information prior to the entry of a

protective order.  ESRI further objects to this Request to the extent it is duplicative of Request

Number 1.  ESRI further objects to this Request to the extent it fails to include any reasonable

time period.  ESRI further objects to this Request as premature in that it purports to require ESRI

to provide the bases for its claims prior to completion of discovery and the preparation of expert

reports, the timing of which is governed by the Court's Rule 16(b) Scheduling Order.

Subject to and without waiving the above objections, non-privileged and responsive documents that are reasonably obtainable, if any, will be produced at a time and location mutually agreeable to the parties, for a reasonable time period.

**REQUEST NO. 35:**

Documents sufficient to show any and all document retention policies in effect at ESRI since 1999.

**OBJECTIONS TO REQUEST NO. 35:**

In addition to the General Objections above, which are incorporated herein by reference, ESRI objects to this Request as overly broad, unduly burdensome, compound, vague and ambiguous and not reasonably calculated to lead to the discovery of admissible evidence.  ESRI objects to the extent the Request calls for documents or items protected by the attorney-client privilege, the attorney work product immunity, or any other applicable privilege or immunity. ESRI further objects to this Request to the extent it fails to include any reasonable time period.

Subject to and without waiving the above objections, non-privileged and responsive documents that are reasonably obtainable, if any, will be produced at a time and location mutually agreeable to the parties, for a reasonable time period.

**REQUEST NO. 36:**

Documents produced by any third party in response to a subpoena or other request served by ESRI in the Lawsuit.

**OBJECTIONS TO REQUEST NO. 36:**

In addition to the General Objections above, which are incorporated herein by reference, ESRI objects to this Request as overly broad, unduly burdensome, compound, vague and ambiguous.  ESRI also objects to this Request to the extent it seeks information that is irrelevant

to the claims and defenses at issue and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the above objections, documents produced by any third party in response to a subpoena will be produced.

**REQUEST NO. 37:**

All enterprise agreements pertaining to the Accused Products and Services.

**OBJECTIONS TO REQUEST NO. 37:**

In addition to the General Objections above, which are incorporated herein by reference, ESRI objects to this Request as overly broad, unduly burdensome, vague and ambiguous.  ESRI objects to this Request on the grounds that the term "Accused Products and Services" is overly broad and irrelevant as it includes products that have no 3D functionality and do not relate to the patent-in-suit. ESRI further objects to this Request to the extent it seeks confidential or proprietary information prior to the entry of a protective order.  ESRI further objects to this Request to the extent it seeks highly confidential and competitively sensitive information not relevant to the claims or defenses of any party in this action and is not reasonably calculated to lead to the discovery of admissible evidence.  ESRI further objects to this Request to the extent it fails to include any reasonable time period.

Subject to and without waiving the above objections, non-privileged and responsive documents that are reasonably obtainable, if any, will be produced at a time and location mutually agreeable to the parties, for a reasonable time period.

**REQUEST NO. 38:**

Documents pertaining to the pricing for the Accused Products and Services and/or licenses for the Accused Products and Services.

**OBJECTIONS TO REQUEST NO. 38:**

In addition to the General Objections above, which are incorporated herein by reference, ESRI objects to this Request as overly broad, unduly burdensome, compound, vague and ambiguous. ESRI objects to the extent the Request calls for documents or items protected by the attorney-client privilege, the attorney work product immunity, or any other applicable privilege or immunity. ESRI objects to this Request on the grounds that the term "Accused Products and Services" is overly broad and irrelevant as it includes products that have no 3D functionality and do not relate to the patent-in-suit. ESRI further objects to this Request to the extent it seeks confidential or proprietary information prior to the entry of a protective order.  ESRI further objects to this Request to the extent it seeks highly confidential and competitively sensitive information not relevant to the claims or defenses of any party in this action and is not reasonably calculated to lead to the discovery of admissible evidence.  ESRI further objects to this Request to the extent it fails to include any reasonable time period.

Subject to and without waiving the above objections, non-privileged and responsive documents that are reasonably obtainable, if any, will be produced at a time and location mutually agreeable to the parties, for a reasonable time period.

Dated:  June 7, 2010

Respectfully submitted,

By: //s// Charles B. Molster, III
Charles B. Molster III
(VSB No. 23613)
WINSTON & STRAWN LLP
1700 K Street, N. W.
Washington, D.C. 20006
(202) 282-5988
(202) 282-5100 (Facsimile)
cmolster@winston.com
**ATTORNEYS FOR DEFENDANT
ENVIRONMENTAL SYSTEMS
RESEARCH INSTITUTE, INC.**

Of Counsel:
Gail J. Standish
Peter Perkowski
Denise A. Smith
WINSTON & STRAWN LLP
333 S. Grand Avenue, 38th Floor
Los Angeles, CA 90071
(213) 615-1731
(213) 615-1750 (Facsimile)
gstandish@winston.com
pperkowsk@winston.com
desmith@winston.com

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on June 7, 2010, I caused the foregoing document to be served by

electronic delivery to the following:

Raymond P. Niro
David J. Sheikh
Counsel for Plaintiff Skyline Software Systems, Inc.
NIRO, SCAVONE, HALLER & NIRO
181 West Madison Street, Suite 4600
Chicago, IL 60602-4515
(312) 236-0733
(312) 236-3137 Facsimile
rniro@nshn.com
sheikh@nshn.com

Amy S. Owen
(VSB No. 27692)
Ben Selan
(VSB No. 65923)
Counsel for Plaintiff Skyline Software Systems, Inc.
COCHRAN & OWEN, LLC
8000 Towers Crescent Drive, Suite 160
Vienna, VA 22182
(703) 847-4480
(703) 847-4499 Facsimile
aowen@cochranowen.com
bselan@cochranowen.com

Alan Albert
LECLAIR RYAN
999 Waterside Drive, Suite 2525
Norfolk, VA 23510
(757) 441-8914
(757) 624-3773 Facsimile
alan.albert@leclairryan.com

//s// Charles B. Molster, III
Charles B. Molster III